Samuel C. Straight (7638)
RAY QUINNEY AND NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
sstraight@rqn.com

*Attorneys for Plaintiff Young Living Essential Oils LC*

IN THE UNITED STATES DISTRICT COURT IN AND FOR

THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| YOUNG LIVING ESSENTIAL OILS, LC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TITAN COLD STORAGE, INC., a California Corporation,<br><br>Defendant. | **ATTORNEY PLANNING MEETING REPORT**<br><br>Case No. 2:20-cv-00653-DAO<br><br>Magistrate Judge Daphne A. Oberg |

**PRELIMINARY MATTERS**:

a. The nature of the claims and defenses is: Plaintiff alleges claims for breach of contract, and breach of duty of care pursuant to Utah Code Ann. § 70A-7a-204(1). Defendant denies Plaintiff's claims.

b. This case is      \_\_\_\_ not referred to a magistrate judge

\_\_\_\_\_ referred to a magistrate judge

\_\_\_\_ under 636(b)(1)(A)

\_\_\_\_ under 636(b)(1)(B)

\_\_X\_\_\_ assigned to a magistrate judge under General Order 11-001 and

\_\_X\_\_ all parties consent to the assignment for all proceedings or

                \_\_\_\_ one or more parties request reassignment to a district judge.

c. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on <u>October 15, 2020</u> by email. The following attended:

      Samuel C. Straight, counsel for Plaintiff

      Daniel K. Brough, counsel for Defendant

d. The parties \_\_\_\_ request / \_\_X\_ do not request an initial pretrial scheduling conference with the court prior to entry of the scheduling order.

e. The parties \_\_\_\_ have exchanged or \_\_X\_ will exchange by <u>October 23, 2020</u> the initial disclosures required by Rule 26(a)(1).

f. Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by either (i) notice of electronic filing, or (ii) e-mail transmission. Such electronic service will constitute service and notice of entry as required by those rules. Any right to service by USPS mail is waived.

2. **DISCOVERY PLAN**: The parties jointly propose to the court the following discovery plan:

    a. Discovery is necessary on the following subjects: *All of the claims and defenses at issue in this litigation.*

    b. Discovery Phases. *Discovery will not be conducted in phases, except as set forth below.*

    c. Designate the discovery methods to be used and the limitations to be imposed.

        (1) Oral Exam Depositions

            Plaintiff(s): 7

            Defendant(s): 7

            Maximum no. hrs. per deposition: 7

        (2) Interrogatories: 20

            Admissions: 20

            Requests for production of documents: 20

        (3) Other discovery methods: *All other discovery methods as allowed by the Federal Rules of Civil Procedure may be utilized.*

d. Discovery of electronically stored information should be handled as follows: *The parties will conduct discovery of electronically stored information pursuant to the Federal Rules of Civil Procedure. The parties may produce electronically stored documents in the form of paper copies.*

e. The parties have agreed to an order regarding claims of privilege or protection as trial preparation material asserted after production, as follows: *The parties agree to the provisions of Fed. R. Civ. P. 26(b)(5)(B).*

f. Last day to serve written discovery 03/22/2021

g. Close of fact discovery    04/21/2021

h. Final date for supplementation of disclosures under Rule 26 (a)(3) and of discovery under Rule 26 (e)  04/21/2021

3. **AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES**:

   a. The cutoff dates for filing a motion to amend pleadings are:

      Plaintiff(s) 01/08/2021    Defendant(s) 01/18/2021

   b. The cutoff dates for filing a motion to join additional parties are:

      Plaintiff(s) 01/08/2021    Defendants(s) 01/18/2021

      *(NOTE: Establishing cutoff dates for filing motions does not relieve counsel from the requirements of Fed.R.Civ.P. 15(a)).*

4. **EXPERT REPORTS**:

   Reports from experts under Rule 26(a)(2) will be submitted on:

   Parties bearing burden of proof:  05/21/2021

   Response:  06/28/2021

5. **OTHER DEADLINES**:

   a. Expert Discovery cutoff:  07/28/2021

    b. Deadline for filing dispositive[1] or potentially dispositive motions including motions to exclude experts where expert testimony is required to prove the case  811/2021.

    c. Deadline for filing partial or complete motions to exclude expert testimony 08/11/2021.

**6. ADR/SETTLEMENT**:

*Use separate paragraphs/subparagraphs as necessary if the parties disagree.*

    a. The potential for resolution before trial is: ____ good  __X_ fair  ____ poor

    b. This case should be referred to the court's alternative dispute resolution program for arbitration _____   mediation: _____

    c. The parties intend to engage in private alternative dispute resolution for arbitration _____   mediation: _____

    d. The parties will re-evaluate the case for settlement/ADR resolution on:  08/11/2021

**7. TRIAL AND PREPARATION FOR TRIAL:**

    a. The parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

    b. This case should be ready for trial by:  _011/03/2021_____

       *Specify type of trial*:   Jury _X___   Bench ____

    c. The estimated length of the trial is:   3 days

_/s/ Samuel C. Straight_____   Date: 10 / 16 / 2020
Signature and typed name of Plaintiff(s) Attorney

_/s/ Daniel K. Brough *Signed with permission*_____   Date: 10 / 16 / 2020
Signature and typed name of Defendant(s) Attorney

1542721/v1

---

[1] Dispositive motions, if granted, affect the final resolution of the case: nondispositive motions, if granted, affect the case but do not dispose of it.